**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**SHEPARD G. VAN WORMER**                                                  **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO. 3:06CV522WA**

**COMMUNITY BANCSHARES OF
MISSISSIPPI, INC. and THOMAS
W. COLBER, individually**                                                  **DEFENDANTS**

---

## ORDER

This matter came before the court on the Defendant Community Bancshares of Mississippi, Inc.'s Motion for a More Definite Statement.  By this Motion, this Defendant claims that the Plaintiff's allegations of fraudulent misrepresentation with respect to his Fair Labor Standards Act claim are deficient.  Specifically, this Defendant argues that the Complaint has failed to comply with Fed. R. Civ. P. 9(b)'s requirement that allegations of fraud "shall be stated with particularity." According to Community Bancshares, the Plaintiff has failed to identify the person making the allegedly fraudulent statements, as well as the content, timing, or location of the statements, or the manner in which they were made.

In response, the Plaintiff claims that a misrepresentation as to his entitlement to overtime pay was made during his initial hiring and each and every time he received a paycheck or a W-2 form. Thus, he contends, the statements were too numerous to identify and constitute one continuing tort. Moreover, he contends that he is entitled to the same result as that reached in *Quick, et al. v. Payless Shoesource, Inc.*, Civil Action No. 3:06CV23WS, where he contends the same issue was resolved in the Plaintiff's favor.  The court has reviewed the docket in *Quick*, and it appears that the Order referenced by the Plaintiff merely permitted an amendment of the complaint to include a claim for

fraudulent misrepresentation.  There was no ruling on the adequacy of the stated claim, and the case has since settled.

The Complaint in this case states, with regard to fraudulent misrepresentation, "Defendants fraudulently misrepresented to the Plaintiff that he was not owed overtime wages because he was an exempt employee under the FLSA."  To the extent that the Plaintiff relies on receiving an inaccurate paycheck or W-2 form as a fraudulent misstatement, he has made an allegation sufficiently detailed for Community Bancshares, as his employer, to defend.  To the extent that there are different occurrences, however, the Plaintiff must plead them with additional particularity, even with regard to any allegedly misleading conversations attendant to his initial hiring.

The court also notes that Defendant Colbert submitted a Motion to Strike, in which he sought the redaction of certain allegations from the Plaintiff's Complaint.  That Motion would, ordinarily, be considered by the undersigned; however, the corporate Defendant has sought similar relief as part of a dispositive motion, which must be addressed by the Chief District Judge, to whom this case is assigned.  Should the Defendants wish the undersigned to consider this request, the corporate Defendant should amend its Motion to Dismiss to remove the request to strike part of the Complaint, and re-file that request as a separate motion.

IT IS, THEREFORE, ORDERED that Community Bancshares of Mississippi, Inc.'s Motion for a More Definite Statement is hereby **granted**, and the Plaintiff shall file and serve an Amended Complaint, on or before January 25, 2007, that pleads all alleged fraudulent misstatements, other than receiving a paycheck or a W-2 form, with the particularity required by Fed. R. Civ. P. 9(b).

IT IS SO ORDERED, this the 4th day of January, 2007.

S/Linda R. Anderson
_____
UNITED STATES MAGISTRATE JUDGE
